IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| William Curtis, | ) | |
| | ) | C/A No. 8:19-509-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Marvin Nix and Pickens | ) | |
| County Detention Center, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff William Curtis, proceeding pro se, filed this action alleging claims pursuant to 42 U.S.C. § 1983. (ECF No. 1). On April 1, 2019, Plaintiff filed an Amended Complaint. (ECF No. 16). On April 5, 2019, Magistrate Judge Jacquelyn D. Austin issued a Report and Recommendation ("Report") recommending that Defendant Pickens County Detention Center be dismissed. (ECF No. 19).[1] Plaintiff was advised of his right to file objections to the Report. *Id.* at 7. Plaintiff timely filed objections to the Report. (ECF No. 30).

The magistrate judge makes a recommendation to the court that has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are no objections to the Report, the court reviews the Report to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note. In the absence of objections to

---

[1]In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge.

the Report, the court need not give any explanation for adopting the magistrate judge's analysis and recommendation. *See, e.g., Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

In his objections, Plaintiff requests an explanation for the magistrate judge's determination that Pickens County Detention is subject to summary dismissal. (ECF No. 30 at 1-2). As the magistrate judge stated in her Report (ECF No. 19 at 3), the Pickens Court Detention Center is not a proper defendant. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "persons" subject to suit under 42 U.S.C. § 1983); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Further, as the magistrate judge also explained in her Report (ECF No. 19 at ), the Pickens county Detention Center is protected from suits for money damages by the Eleventh Amendment. *See, e.g., Charles v. Johnson*, No. 8-18-cv-854-RG, 2018 WL 4469248, at *2 (D.S.C. Sept. 18, 2018) (finding that the Spartanburg County Detention Center is administered by, and under the control of, the Spartanburg County Sheriff's Office, which is considered a state agency for purposes of a § 1983 claim, and is, therefore, immune from suit under the Eleventh Amendment).[2] The magistrate judge fully explained the law on these issues in her Report. (ECF No. 19 at 3-4). The court agrees with the magistrate judge that the Pickens County Detention Center should be dismissed. However, the court finds the dismissal should be with prejudice because the claims against the PCDC fail as a matter of law, and no amendment could cure the

---

[2]Plaintiff seeks only money damages. (ECF No. 16 at 39).

complaint's defects. *See Goode v. Central Va. Legal Aid Soc'y*, 807 F.3d 619, 628 (4th Cir. 2015).

After a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report (ECF No. 19), as modified. Accordingly, Defendant Pickens County Detention Center is **DISMISSED with prejudice** and without issuance and service of process..

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
May 6, 2019