IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| William Curtis, | ) | |
|---|---|---|
| | ) | C.A. No. 8:19-cv-00509-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Marvin Nix, | ) | |
| | ) | |
| Defendant.[1] | ) | |
| | ) | |

William Curtis, proceeding *pro se* and *in forma pauperis*, brought this civil action to 42 U.S.C. § 1983.[2] In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss the case for lack of prosecution. (ECF No. 62). Plaintiff was advised of his right to file objections to the Report. (ECF No. 62-1). Plaintiff filed no objections, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber,* 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only

---

[1] On May 6, 2019, Defendant Pickens County Detention Center was dismissed from this action with prejudice and without issuance and service of process. (ECF No. 40).
[2] Plaintiff also labeled his Complaint as a *Bivens* claim against federal officials. (ECF No. 16 at 3). However, Plaintiff's claims for damages allegedly arise from the conditions of his confinement in a state detention center in South Carolina, and no federal officials are named in the Complaint. This court has, therefore, considered this claim as a claim only pursuant to 42 U.S.C. § 1983.

1

satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).

The Plaintiff filed his original Complaint on February 21, 2019. (ECF No. 1). On February 28, 2019, the magistrate judge issued an Order directing Plaintiff to bring the case into proper form and advising Plaintiff of his duty to keep the court informed as to his current address. (ECF No. 5). Plaintiff filed his Amended Complaint on April 1, 2019. (ECF No. 16). On April 5, 2019, the court authorized service of process on Defendant. (ECF No. 18). Defendant answered the Complaint. (ECF No. 35). On July 12, 2019, Defendant filed a Motion for Summary Judgment. (ECF No. 46).

On July 15, 2019, the magistrate judge issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the potential consequences he could face if he failed to adequately respond to Defendant's motion. (ECF No. 48). Despite this admonition, Plaintiff did not respond to the motion. On August 29, 2019, the magistrate judge issued an order extending the time for Plaintiff to respond to the motion until September 18, 2019, and warning Plaintiff that his failure to respond by the new deadline could result in a dismissal of the case, with prejudice, for failure to prosecute and to comply with court orders. (ECF No. 58). On September 12, 2019, the August 29th order was returned to the court as undeliverable, marked "Return to Sender/Not Deliverable as Addressed/Unable to Forward." (ECF No. 61). To this date, Plaintiff has neither advised the court of any changes to his address, nor responded to Defendant's summary judgment motion.

On September 25, 2019, the magistrate judge filed the Report, and a copy of it was placed in the mail to Plaintiff. (ECF Nos. 62, 63). However, the Report was returned as "undeliverable"

on October 7, 2019. (ECF No. 64). Based on his failure to comply with the Rules of Civil Procedure and the orders of the court,[3] it appears Plaintiff no longer wishes to pursue this action.

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court finds that Plaintiff's case is subject to dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b) and for failure to comply with court orders. Accordingly, the court adopts the Report (ECF No. 62), and incorporates it herein. Therefore, this case is **DISMISSED with prejudice**. Furthermore, Defendant's Motion for Summary Judgment (ECF No. 46) is **DENIED as moot**. The clerk of court shall provide a filed copy of this order to Plaintiff at his last known address.

**IT IS SO ORDERED.**

s/ Timothy M. Cain
Timothy M. Cain
United States District Judge

Anderson, South Carolina
October 21, 2019

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[3] Specifically, as mentioned above, the magistrate judge issued a "Proper Form Order" on February 28, 2019, in which the court instructed Plaintiff to submit any changes in his address to the court in writing. (ECF No. 5 at 3). It is evident Plaintiff knew of this duty to update the court if his address changed, as he filed his Amended Complaint in response to the Proper Form Order. (ECF No. 16). Additionally, the magistrate judge's *Roseboro* Order was not returned to the Court, so Plaintiff is presumed to have received it and to be on notice of the consequences for his failure to respond to Defendant's Motion for Summary Judgment. *See Rose v. Noonan*, No. CIVA 0:05-0525-CMC-B, 2006 WL 1577387, at *1 n.1 (D.S.C. May 30, 2006) (noting that when a document is mailed to a party and is not returned, the presumption is that the party received it).